UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HOWARD SALAMON d/b/a SALAMON BROTHERS, | Honorable Madeline Cox Arleo |
| Plaintiff, | Civil Action No. 05-2058 (WHW) |
| v. | **REPORT AND RECOMMENDATION** |
| TELEPLUS ENTERPRISES, INC. | |
| Defendant. | |

## **BACKGROUND**

On April 18, 2005, plaintiff, Howard Salamon d/b/a Salamon Brothers ("Plaintiff"), filed the Complaint. On May 26, 2005, defendant, TelePlus Enterprises, Inc. ("Defendant") filed an Answer. On July 11, 2005, Cornell Capital Partners, L.P. ("Cornell Capital") moved to intervene in this matter, which District Judge Walls granted on August 4, 2005.[1] On August 26, 2005, the Court entered an Order, scheduling an initial conference for October 4, 2005. The August 26th Order directed the parties, <u>inter alia</u> to exchange Fed. R. Civ. P. 26 disclosures. The August 26th Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions.

On October 28, 2005, the Court issued an Scheduling Order, which set forth, among other things, deadlines for discovery, filing motions to amend the pleadings, and the scheduling of a status conference for February 22, 2006. The Scheduling Order further admonished that failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16. On

---

[1] On October 26, 2005, Cornell Capital filed an Intervenor Complaint.

November 30, 2005, Defendant moved to file an Amended Answer and to assert a Counterclaim improperly entitled "Second Amended Answer and Counterclaim."[2] On January 4, 2006, the Court granted the motion to amend. On January 16, 2006, Defendant filed its amended answer and counterclaim improperly entitled "Second Amended Answer and Counterclaim." On February 22, 2006, Plaintiff filed an answer and counterclaim.

On March 15, 2006, the Court issued an Amended Scheduling Order, extending the deadlines for discovery and filing motions to amend, and scheduling a telephone status conference for May 24, 2006. On March 16, 2006, Defendant moved for leave to file a Second Amended Answer and Counterclaim, improperly entitled "Third Amended Answer to Complaint and Counterclaims," which the Court granted on May 5, 2006.[3]

Beginning May 10, 2006, the Court issued several revised scheduling orders further extending, among other deadlines, the date for completing discovery and the filing of dispositive motions. In its most recent Amended Scheduling Order issued on March 29, 2007, the Court again admonished the parties that failure to appear at conferences or to comply with this Order may result in sanctions.

On April 23, 2007, Defendant moved for summary judgment. On April 25, 2007, Plaintiff moved for summary judgment. On June 2, 2006, Judge Walls issued an Opinion and

---

[2] In its moving brief, Defendant states that it previously filed an Amended Answer on June 13, 2005. (Defendant's Nov. 30, 2005 Brief at 2, Docket Entry 20-4). However this Court's review of the official docket reveals that Defendant filed no such amended answer at all, let alone on June 13, 2005.

[3] Despite the Court's Order directing Defendant to file the amended pleading by May 15, 2006, Defendant did not file the Second Amended Answer, improperly entitled, "Third Amended Answer to Complaint and Counterclaims," until one year later on April 15, 2007.

November 30, 2005, Defendant moved to file an Amended Answer and to assert a Counterclaim improperly entitled "Second Amended Answer and Counterclaim."[2] On January 4, 2006, the Court granted the motion to amend. On January 16, 2006, Defendant filed its amended answer and counterclaim improperly entitled "Second Amended Answer and Counterclaim." On February 22, 2006, Plaintiff filed an answer and counterclaim.

On March 15, 2006, the Court issued an Amended Scheduling Order, extending the deadlines for discovery and filing motions to amend, and scheduling a telephone status conference for May 24, 2006. On March 16, 2006, Defendant moved for leave to file a Second Amended Answer and Counterclaim, improperly entitled "Third Amended Answer to Complaint and Counterclaims," which the Court granted on May 5, 2006.[3]

Beginning May 10, 2006, the Court issued several revised scheduling orders further extending, among other deadlines, the date for completing discovery and the filing of dispositive motions. In its most recent Amended Scheduling Order issued on March 29, 2007, the Court again admonished the parties that failure to appear at conferences or to comply with this Order may result in sanctions.

On April 23, 2007, Defendant moved for summary judgment. On April 25, 2007, Plaintiff moved for summary judgment. On June 2, 2006, Judge Walls issued an Opinion and

---

[2] In its moving brief, Defendant states that it previously filed an Amended Answer on June 13, 2005. (Defendant's Nov. 30, 2005 Brief at 2, Docket Entry 20-4). However this Court's review of the official docket reveals that Defendant filed no such amended answer at all, let alone on June 13, 2005.

[3] Despite the Court's Order directing Defendant to file the amended pleading by May 15, 2006, Defendant did not file the Second Amended Answer, improperly entitled, "Third Amended Answer to Complaint and Counterclaims," until one year later on April 15, 2007.

Order, denying the parties' respective motions.

Thereafter, the parties attempted unsuccessfully to settle the case. On March 10, 2009, Defendant filed for Chapter 11 bankruptcy. On June 18, 2009, the Court issued an Order staying the instant action, pending resolution of the bankruptcy proceedings.

On January 18, 2012, Messrs. Randall Jacobs and Michael Bienstock, counsel for Defendant, moved to withdraw, the basis of which was the failure of Marius Silvasan, Defendant's CEO and principal stockholder, to respond to defense counsel's correspondence, and to pay Messrs. Jacobs and Bienstock's outstanding legal fees. On January 20, 2012, the Court granted the motion to withdraw and directed Mr. Jacobs to provide Defendant with a copy of the Order. In its Order, the Court emphasized that Defendant is a corporate entity. As such, under the law, it must be represented by a member of the bar. The Order also provided that if new counsel failed to enter an appearance on Defendant's behalf by February 15, 2012, the Court would ask the District Judge to strike Defendant's Answer and enter default against it. The Order directed all parties to appear before the Court for a status conference on February 16, 2012, and warned that failure to comply with the terms of the Order would result in sanctions, up to and including entry of default.

This Court provided copies of the Order to Mr. Silvasan, as corporate representative, by regular and certified mail.[4] On or about February 10, 2012, the mailed copies of the Order were returned to the Court as undeliverable to Mr. Silvasan.

---

[4]Consistent with the addresses for the corporate defendant TelePlus as set forth on the official docket and used by attorney Jacobs to correspond with TelePlus, the Court mailed copies of the January 20th Order to Mr. Silvasan, as CEO of TelePlus Enterprises, Inc. at "6101 Blue Lagoon Drive, Suite 450, Miami, Florida 33126."

On February 16, 2012, no party or counsel appeared on behalf of Defendant. On February 29, 2012, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of Defendant's failure ro retain counsel to enter an appearance on its behalf at the February 16th conference. The Order to Show Cause was returnable on March 14, 2012. Defendant was directed to file any written submissions with the Court by March 7, 2012. The Court mailed copies of the Order to Show Cause to Mr. Silvasan by regular and certified mail to the same Blue Lagoon Drive address in Miami, Florida. At no point were the mailed copies returned to the Court as undeliverable.

## **DISCUSSION**

The failure of corporate defendant TelePlus to retain counsel requires this Court to recommend that the District Court strike the Second Amended Answer and Counterclaim improperly entitled, "Third Amended Answer to Complaint and Counterclaims" as to this corporate defendant (Docket Entry No. 48), order that default be entered against it, and permit Plaintiff to proceed to judgment by default. It is well-settled in the Third Circuit that corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996).

Following the Court's Order of January 20, 2012, relieving Messrs. Jacobs and Bienstock as counsel for TelePlus, the Court essentially afforded TelePlus two months to retain new counsel. This Court's January 20, 2012 Order explained that a corporate entity cannot represent itself under applicable law and directed Defendant to retain counsel by February 15, 2012. Additionally, the Order warned Defendant that, if counsel failed to enter an appearance on its behalf by February 15, 2012, this Court would ask the District Court to strike its Second

4

Amended Answer and enter Default against Defendant.

Despite the January 20, 2012 Order from this Court, Defendant has not retained counsel. Further, counsel failed to appear on its behalf at both the February 16, 2012 status conference and the March 14, 2012 Order to Show Cause hearing. Therefore, I recommend that the District Court strike the Second Amended Answer and Counterclaim of Defendant (Docket Entry No. 48), enter Default judgment against it, and allow Plaintiff to proceed to judgment by default as to Defendant.

## CONCLUSION

This Court's recommendation of striking the Second Amended Answer and Counterclaim of Defendant TelePlus improperly entitled, "Third Amended Complaint and Counterclaim," (Docket Entry No. 48), ordering that default be entered against it, and allowing Plaintiff to proceed to default judgment as to Defendant, is not made lightly. However, this Court is convinced that it is left with no alternative. This Court offered Defendant multiple opportunities to appear at court ordered conferences, but to no avail. This Court also repeatedly warned it that continuation of this conduct would result in sanctions. Furthermore, Defendant, as a corporation, cannot represent itself pro se under settled Third Circuit law. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996). Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Second Amended Answer and Counterclaim of Defendant improperly entitled, "Third Amended Answer and Counterclaim," (Docket Entry No. 48), order that default be entered against it, and that Plaintiff be allowed to proceed to judgment by default as to Defendant. The parties have

fourteen (14) days from receipt hereof to file and serve objections.

                                              Respectfully submitted,

                                              *s/Madeline Cox Arleo*
                                              MADELINE COX ARLEO
                                              United States Magistrate Judge

Dated:  March 28, 2012

Orig.:  Clerk of the Court
cc:     Hon. William H. Walls, U.S.D.J.
        All Parties
        File