NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD SALAMON<br>d/b/a SALAMON BROTHERS,<br><br>       Plaintiff,<br><br>    v.<br><br>TELEPLUS ENTERPRISES, INC.,<br><br>       Defendant. | **ORDER**<br><br>Civ. No. 05-2058 (WHW) |

**Walls, Senior District Judge**

  This matter comes before the Court on the March 28, 2012 Report and Recommendation of United States Magistrate Judge Madeline Cox Arleo recommending that the Court strike the Second Amended Answer and Counterclaim by Defendant improperly entitled, "Third Amended Answer and Counterclaim," (Docket Entry No. 48), order that default be entered against Defendant, and allow Plaintiff to proceed to judgment by default as to Defendant.

  The Court reviews the Report and Recommendation under 28 U.S.C. § 636 and Local Civil Rule 72.1. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). See L. Civ. R. 72.1(c)(2). No objections have been raised to any part of the Report and Recommendation.

**NOT FOR PUBLICATION**

The Court has reviewed the full record in this matter and finds that the Report and Recommendation adequately develops the factual record and applies the correct legal standard. The Report and Recommendation documents the failure of corporate defendant TelePlus to appear when required, retain counsel, and otherwise comply with the Magistrate Judge's orders. Applying the six-factor test established by the Third Circuit in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), the Report and Recommendation concludes that the appropriate sanction for this conduct would be to strike the Second Amended Answer and Counterclaim by Defendant improperly entitled, "Third Amended Answer Counterclaim", (Docket Entry No. 48), direct the Clerk to enter default against Defendant, and allow Plaintiff to proceed to judgment by default as to Defendant. In an abundance of caution, on June 5, 2012, this Court sent a copy of the March 28, 2012 Report to Defendant's principal place of business as listed in the Answer to the Complaint. On or about June 19, 2012, the mailed copy of the Report was returned to the Court as undeliverable. The Court adopts the Report and Recommendation and imposes the recommended sanction.

It is, on this 3th day of July, 2012:

ORDERED that the March 28, 2012 Report and Recommendation is ADOPTED the Second Amended Answer and Counterclaim of Defendant improperly entitled, "Third Amended Answer and Counterclaim," (Docket Entry No. 48) is stricken; and

ORDERED that the Clerk of the Court shall enter default against Defendant TelePlus Enterprises, Inc., and allow Plaintiff to proceed to judgment by default as to Defendant.

United States Senior District Judge